Cara R. Burns (CB 1071)
MIMS, KAPLAN, BURNS & GARRETSON
28202 Cabot Road, Ste 300
Laguna Niguel, California 92677
Tele: (310) 314-1721
Fax: (949) 340-9737
cburns@hmkblawyers.com

Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Tel: (347) 413-3287
mb@markbradfordpc.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

CEREMONY OF ROSES ACQUISITION LLC,     CIVIL ACTION NO. 1:25-cv-7512 KPF

       Plaintiff,

v.                                                                         PRELIMINARY INJUNCTION
                                                               AND SEIZURE ORDER

JOHN DOES 1-100, JANE DOES
1-100, AND XYZ COMPANY,

       Defendants.
_____x

       Plaintiff Ceremony of Roses Acquisition LLC ("Plaintiff") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the federally registered trademarks, service marks, likenesses, logos, and/or other indicia of the Artist **"DUA LIPA"** (collectively, the "Artist's Trademarks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Artist's concert which has previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Katherine Polk Failla,

United States District Judge on the 29th day of September, 2025, at the United States Courthouse for the Southern District of New York, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1. By reason of the substantial and continuous use of the Artist's Trademarks in connection with the Artist's work as a performer, said marks have acquired meanings identified with the Artist and with products and services associated with her;

2. The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's Trademarks and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Artist's Trademarks at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3. The defendants' acts, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4. Defendants, and those in active concert or participation with them, will continue to sell such infringing merchandise unless enjoined by the Court; and

5. Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Cause Regarding Why A Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and infringing, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, employees, representatives, and attorneys, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A) Using any or all of the Artist's Trademarks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B) Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Artist's Trademarks; or

(C) Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby authorized to seize and impound any and all infringing merchandise bearing any or all of the Artist's Trademarks, namely, the federally registered trademarks, service marks, likenesses, logos, or other indicia of the Artist (namely **"DUA LIPA"**), or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from four (4) hours before to four (4) hours after any performance of the Artist

within a four (4) mile vicinity of the stadiums, arenas or other places at which the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Artist's Trademarks, or any colorable imitations or variations thereof, being sold, offered for sale or held for sale in the vicinity of the stadiums, arenas or other places at which the Artist shall be performing shall be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order together with the Complaint be made upon defendants by the Process Servers at the time of the seizure provided for herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all infringing items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond of Five Thousand Dollars ($5,000.00) previously deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

Dated: September 29, 2025
       New York, New York

**HONORABLE KATHERINE POLK FAILLA**
**UNITED STATES DISTRICT JUDGE**

Respectfully Submitted,

By: /s/ Cara R. Burns
Cara R. Burns (CB 1071))
MIMS, KAPLAN, BURNS & GARRETSON
28202 Cabot Road, Ste 300
Laguna Niguel, CA 92677
Tel: (310) 314-1721/ Fax: (949) 340-9737
cburns@hmkblawyers.com

Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, NY 11215
Tel: (347) 413-3287
mb@markbradfordpc.com

Attorneys for Plaintiff